

KIRSCH LEACH
+ ASSOCIATES

JANUARY 23, 2017

Re: United States v. Jateesha Taylor
Case No. 2:15-cr-20001-LJM-DRG-3

Dear Mr. O'Brien and Ms. Brunson:

This is to request that you make available to me all materials and information which the government must disclose pursuant the Federal Rules of Criminal Procedure, Federal Rules of Evidence and case law.

(1) <u>Statements</u>

    (a) Defendant's Written or Recorded Statements [FRCrP 16(a)(1)(B)]. (1) Any relevant written or recorded statement by the defendant within the possession, custody or control of the government that are known to you, or through due diligence may become known. [Specify statements and recordings; explain the manner in which they are relevant (if necessary), for example, statements that in any way relate to the charged offenses]. (2) Any reference in any written record of any oral statement made before or after arrest by the defendant to a person known by the defendant to be a government agent. (3) Defendant's grand jury testimony relating to the charged offenses.

    (b) Defendant's Oral Statements [FRCrP 16(a)(1)(A)]. The substance of any oral statements made by the defendant whether before or after interrogation by any person then known by the defendant to be a government agent or law enforcement officer that the government intends to use in any manner at trial regardless of whether any written record of the statement exists. In the event the government intends to use such an oral statement at trial, I request that it be reduced to writing and produced. This request includes the substance of the defendant's response to *Miranda* warnings.

I request that, in responding to this request for defendant's oral statements, you ask each law enforcement agency involved in investigating or prosecuting this case to search its files for responsive information.

    (c) Defendant's Prior Record [FRCrP 16(a)(1)(D)]. A copy of the defendant's criminal record within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to you. This request includes the defendant's entire criminal record, including all arrests and offenses regardless of conviction or severity. It includes all matters that may affect the defendant's criminal history score pursuant to U.S.S.G. Chapter 4.

(2) <u>Documents, Data and Objects</u>

   (a) Material To Preparing A Defense [FRCrP 16(a)(1)(E)(i)]. Inspection, copying or photographing of documents, data or tangible objects within the possession, custody or control of the government and are material to the preparation of the defense. Separately identify any materials the government intends to use at trial in-chief. *[Insert statement to demonstrate materiality of evidence to defense and state request for particular material, if known.]*

   (b) Material Government Intends To Use In-Chief [FRCrP 16(a)(1)(E)(ii)]. Produce or otherwise make available all documents, data and tangible objects, including tape recordings and transcripts, which the government intends to use as evidence in-chief. In this regard, produce any index or working exhibit list of items you intend to introduce at trial. Provide notice of the government's intention to use any evidence in-chief discoverable under Rule 16 which the defense may seek to suppress [FRCrP 12(b)(4)(B)].

   (c) Obtained From or Belonging To Defendant [FRCrP 16(a)(1)(E)(iii)]. All materials obtained from or belonging to the defendant that are within the possession, custody or control of the government regardless of how obtained or the identity of the person who obtained them.

(3) <u>Reports of Examinations and Tests [FRCrP 16(a)(1)(F)]</u>.

   Results or reports of physical or mental examinations, and scientific tests or experiments within the possession, custody or control of the government or by the existence of due diligence may become known to you, and material to the preparation of the defense or are intended for use by the government as evidence in chief at trial. In the event the results of any scientific tests were reported orally to you or to any government official or law enforcement officer, I request that you cause a written report of the results to be made and produced. In complying with this request, please contact any law enforcement agency involved in the investigation or prosecution of this case to determine whether relevant examinations or tests were conducted, and, if so, produce the results or reports.

(4) <u>Expert Witnesses [FRCrP 16(a)(1)(G)]</u>

   In the event you intend to offer any expert testimony under the Federal Rules of Evidence through any witness, including a government agent or employee or law enforcement officer. I request that you prepare and produce a summary of the witness' opinion testimony, the grounds or basis for any such opinion testimony and the qualifications of the expert witness.

(5) <u>Other Offense Evidence [FRE 404(b)]</u>

   I request notice of any "other offense" evidence you intend to introduce in your case in-chief. At the time you identify any "other offense" evidence you intend to offer in rebuttal, please produce and identify such evidence separately.

(6) <u>Summary Witness or Charts [FRE 1006]</u>

In the event you intend to call a summary witness at trial or present evidence in the form of a chart, I request production a reasonable time prior to trial of all of the original documents or tape recordings on which such testimony or chart is based.

(7) <u>Brady/Giglio Material</u>

Pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972), produce sufficiently in advance of trial any exculpatory evidence material to guilt or punishment, including impeachment evidence or information. Should you have a question with regard to whether certain information constitutes *Brady/Giglio* material, or when it must be produced, I request that you present the information to the court, with notice to me, for review *in camera* to resolve these issues.

*Any policy statement regarding sharing information among office prosecutors concerning* Giglio *information relevant to jailhouse informants (or other witnesses) you intend to call to testify in this case, and documents regarding the training and supervision of office prosecutors for sharing such information. In the event no policy regarding these matters exists in your office, I request that you survey all prosecutors in your office for* Giglio *information regarding witnesses you intentd to call or not callto testify in this case.*

If you believe that any *Brady/Giglio* material is also Jencks Act material I request that you present it to the court for *in camera* review and advise me of the general nature of the evidence. However, I request that you produce prior to trial all *Brady/Giglio* material that is not covered by the Jencks Act.

(8) <u>Jencks Act Material</u>

I request pretrial production of Jencks Act material within a reasonable time prior to the day of a witness' direct examination. If you produce Jencks Act material prior to trial, the defendant will contemporaneously reciprocate in kind.]

(9) <u>Sentencing Information</u>

The Sentencing Commission has encouraged prosecutors prior to the entry of a plea of guilty to disclose to a defendant the facts and circumstances of the offense and offender characteristics, then known to the prosecuting attorney, that are relevant to the application of the sentencing guidelines. U.S.S.G. §6B1.2, p.s. comment. To insure that my client can make an informed and intelligent decision regarding the possible or probable consequences of pleading guilty or requesting a trial, I request that you advise me of any facts and circumstances presently known to the government or reasonably discoverable, that relate to sentencing issues under the sentencing guidelines, or to calculation of the applicable sentencing guideline range, should my client be convicted of any one or more of the charges in the indictment.

More specifically, I request that as soon as possible you provide me with the following information as to this case:

- What guidelines does the government contend are applicable?

- What aggravated offense characteristics, if any, does the government contend are applicable?
- What adjustments, if any, does the government contend are applicable?
- Upon what grounds, if any, will the government seek a departure from the guidelines?
- What criminal history category does the government contend is applicable?

I am requesting any information that would bear upon computation of the following sentencing and guideline factors:

- Base offense level
- Specific offense characteristics
- Relevant conduct
- Adjustments or criminal history

I also request any guilt-related *Brady* information that is favorable to my client and material to the court's determination of a sentence under the sentencing guidelines in the event of a plea of guilty or conviction.

Pursuant to your continuing duty to disclose information [FRCrP (c)], immediately advise me of new information as it becomes available. If you have any questions regarding the nature of the requests contained in this discovery letter, please contact me. I look forward to your early response.

Sincerely,
/S/ Lisa B. Kirsch Satawa
Attorney for Defendant Jateesha Taylor

cc: Honorable Laurie Michaels